Scoeield, J.,
delivered the opinion of the court:
There is no controversy about the claim for bounty. The Act June 16,1880 (21 Stat. L., 283), directs the payment of $100 bounty to the enlisted men of the Fifteenth and Sixteenth Missouri Cavalry Volunteers “who served the full period of one year or more.” The return of the War Department shows that the claimant so served for twenty months. The dispute is about the counter-claim.
It is shown and admitted that the claimant furnished a horse and equipments and used the same in the Government service for two hundred and eighty-five days, and that he was paid therefor $114. ft is now alleged that the horse did not belong *69 to Mm, but had been stolen from somebody else. The allegation is based upon a report; of Captain Owen, assistant quartermaster. We do not think the report sustains the allegation.
After the Government, by a change in policy, undertook to furnish horses for the cavalry the quartermasters were authorized to purchase the horse of any soldier wishing to sell. Those who chose to retain their horses were allowed to send them home. The purchases from the claimant’s company were made by Captain Owen. In the report of this officer appears a list of the names of soldiers from whom he purchased horses. In that list is the name of the claimant, erased. On the margin these words are written: “Void — horse proven away as stolen.” If this memorandum was to be taken as evidence it only proves that the quartermaster did not buy the claimant’s horse, because the horse was not on hand for delivery, but had been stolen away from camp. The memorandum might justify delay and inquiry on the part of the accounting officers, but after such delay and inquiry, and nothing appearing to involve the claimant in wrong, the bounty should be paid. The burden of proving the alleged wrong devolved upon the defendants.
Judgment in favor of the claimant in the sum of $100.